**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SANDRA ANDERSON,

      Plaintiff-Appellant,

v.

ACADEMY SCHOOL DISTRICT 20,

      Defendant-Appellee.

No. 03-1535
(D.C. No. 01-N-2493 (PAC))
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO**, **McKAY**, and **PORFILIO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Sandra Anderson appeals the dismissal of her discrimination lawsuit against her former employer, Academy School District No. 20 ("ASD"). We affirm.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

I.

According to the allegations in her amended complaint, Anderson, a black female, worked for ASD's special education department from 1986 to 2000. For her first thirteen years, her job performance was consistently rated as satisfactory or better. This changed, however, after she filed a complaint against her supervisor in October 1999. One month later, she received her first unsatisfactory review. Her conflict with her supervisor intensified for nearly a year, culminating in termination of her employment.

After exhausting administrative remedies, Anderson filed a lawsuit alleging violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 and seeking damages and injunctive relief. She claimed that ASD discriminated against her on the basis of race and retaliated against her for engaging in activity protected by Title VII.

The district court granted summary judgment to ASD on Anderson's claim for punitive damages, and the remainder of the case went to trial. By this point, Anderson's original attorney had died and Anderson was proceeding pro se.[1] On the second day of the trial, the court advised Anderson that she needed to present evidence of protected activity and damages and cautioned, "I'm not going to

_____

[1]     Anderson had a replacement lawyer for a short period after her original lawyer died, but he withdrew at her request.

waste much more of this jury's time. You're just not proving your case."
Appellee's App. at 50. After this warning, Anderson called one more witness and
rested her case. ASD then moved for judgment as a matter of law. The court
granted this motion.

II.

Before addressing Anderson's claims, we note that she is representing
herself in this appeal, as she did at trial. We therefore construe the arguments in
her briefs liberally. See Cannon v. Mullin, 383 F.3d 1152, 1160 (10th Cir. 2004).

We further note Anderson has not provided us with a transcript of the
proceedings in the district court. She asked the district court to have the trial
proceedings transcribed at government expense, but the court refused, finding that
Anderson "has not shown the existence of a reasoned, nonfrivolous argument . . .
in support of the issues raised on appeal." R. Vol. II, tab 85 (order of January 27,
2004). Before this court, Anderson has renewed her request for a free transcript;
we deny this request for the same reasons as the district court. We nevertheless
possess portions of the trial transcript, which ASD has submitted in its appellate
appendix.

The appellant bears the burden of providing this court with the materials
necessary to establish that error occurred in the district court. See Tesh v. United
States Postal Serv., 349 F.3d 1270, 1272 (10th Cir. 2003); see also 10th Cir. R.

-3-

10.3(B) ("When the party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it."). Thus, while we have examined the existing record thoroughly to glean as much information as possible about the events at trial, any gaps in this information must redound to Anderson's disadvantage.

III.

Anderson's first claim on appeal is that the entry of judgment as a matter of law deprived her of her right to trial by jury. She further contends that the district court erred in denying her the opportunity to make a closing argument to the jury, which we construe as another facet of the same claim.

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a); see also Lifewise Master Funding v. Telebank, 374 F.3d 917, 923 (10th Cir. 2004). If this standard is satisfied, then the entry of judgment as a matter of law does not contravene the Seventh Amendment guarantee of trial by jury. See Weisgram v. Marley Co., 528 U.S. 440, 449-50 (2000); cf. Shannon v. Graves, 257 F.3d 1164, 1167 (10th Cir. 2001) ("The Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury.").

We review de novo the district court's decision granting judgment as a matter of law. See Lifewise, 374 F.3d at 923. In considering whether this ruling was proper, we must construe the evidence in the light most favorable to the non-moving party. See Riske v. King Soopers, 366 F.3d 1085, 1087 (10th Cir. 2004). Thus, we must examine the record before us, construing all evidence in favor of Anderson, in order to determine whether Anderson presented sufficient evidence of race discrimination or unlawful retaliation.

A. Race Discrimination

A plaintiff seeking to prove race discrimination may do so by presenting direct evidence of discriminatory motivation, such as statements by a supervisor reflecting racial bias. See Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1225 (10th Cir. 2000). Alternatively, the plaintiff may establish a prima facie case under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). If, however, the plaintiff does not present direct evidence of discrimination and does not offer enough evidence for the jury to find that all elements of the prima facie case have been established, then the defendant is entitled to judgment as a matter of law.

Here, Anderson did not offer any direct evidence of racial bias, and she therefore could not prevail at trial unless she established a prima facie case under McDonnell Douglas. To establish this prima facie case, she was required to prove

that "(1) [she] was a member of a protected class; (2) [she] was qualified and satisfactorily performing [her] job; and (3) [she] was terminated under circumstances giving rise to an inference of discrimination." Salguero v. City of Clovis, 366 F.3d 1168, 1175 (10th Cir. 2004). The district court found that Anderson presented ample evidence of the first two elements–that is, enough evidence for a reasonable jury to conclude that Anderson is black and that she performed satisfactorily in her job. The court determined, however, that the circumstances of Anderson's termination did not give rise to an inference of discrimination; instead, the evidence suggested that Anderson was treated differently from other employees due to a personality conflict with her supervisor. We find nothing in the limited record before us to refute this conclusion. We therefore affirm the entry of judgment as a matter of law on Anderson's race discrimination claim.

## B. Retaliation

Title VII forbids an employer from retaliating against an employee who engages in certain protected activities. See 42 U.S.C. § 2000e-3(a). A retaliation claim, like a discrimination claim, may be supported by direct evidence or by a prima facie case under McDonnell Douglas. See Stover v. Martinez, 382 F.3d 1064, 1070 (10th Cir. 2004). The latter approach is more common, because it is rare for a supervisor to openly express retaliatory motives. See Foster v.

Alliedsignal, Inc., 293 F.3d 1187, 1192-93 (10th Cir. 2002). This was true here; so far as the record reveals, Anderson did not offer direct evidence of retaliation, but instead attempted to establish a prima facie case under McDonnell Douglas.

A prima facie case of retaliation has three elements: "(1) the plaintiff engaged in protected opposition or participated in a Title VII proceeding; (2) the employer acted adversely subsequent to or contemporaneous with employee activity; and (3) there is causal connection between plaintiff's activity and the employer's action." Mattioda v. White, 323 F.3d 1288, 1293 (10th Cir. 2003). The district court determined that Anderson failed to present evidence of protected activity. We agree.

The basis for Anderson's retaliation claim was her supervisor's alleged reaction to a formal complaint that Anderson filed in October 1999. In that complaint, Anderson characterized the nature of her grievance as "Harassment/ Discrimination." Appellee's App. at 34. In the ensuing statement of facts, however, Anderson presented a lengthy history of misconduct by her supervisor without even alleging racial bias, let alone trying to show that such bias was the motivation for the mistreatment that Anderson experienced. If she had included an allegation of mistreatment based on her race, this could amount to protected activity even if the allegation ultimately proved to be meritless. See Petersen v. Utah Dep't of Corr., 301 F.3d 1182, 1188 (10th Cir. 2002) (noting that good-faith

-7-

allegation of discrimination will support ensuing retaliation claim regardless of whether discrimination actually occurred). But a vague reference to discrimination and harassment without any indication that this misconduct was motivated by race (or another category protected by Title VII) does not constitute protected activity and will not support a retaliation claim. See id. In other words, even if Anderson's supervisor did retaliate against her for filing a complaint, the complaint was not protected activity under Title VII; consequently, the supervisor's retaliation was not unlawful under Title VII. Accordingly, we affirm the entry of judgment as a matter of law on Anderson's retaliation claim.

IV.

For the foregoing reasons, we conclude that the district court properly granted ASD's motion for judgment as a matter of law. In light of this conclusion, it is unnecessary for us to consider the second claim that Anderson has raised (which challenges the district court's ruling exempting a witness from its sequestration order). Moreover, because we affirm the judgment in favor of ASD, we deny as moot ASD's Motion to Strike Portions of Plaintiff-Appellant's Reply Brief. Finally, we grant Anderson's motion for leave to proceed in forma pauperis, and, as noted above, we deny Anderson's motion for preparation of a transcript at government expense.

The judgment of the district court is AFFIRMED.


                                        Entered for the Court


                                        John C. Porfilio
                                        Circuit Judge